# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBER ANDRUS, )<br>　　　　　　PLAINTIFF, )<br>　)<br>-against- )<br>　)<br>　)<br>CORNING INCORPORATED, )<br>　　　　　　DEFENDANT )<br>　) | CIVIL ACTION NO. 6:14-CV-06667 FPG/MWP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS AND PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

**TABLE OF CONTENTS**　　　　　　　　　　　　　　　　　　1

**TABLE OF AUTHORITIES**　　　　　　　　　　　　　　　　2

**I.　PRELIMINARY STATEMENT**　　　　　　　　　　　　3

**II.　Response to Defendant's STATEMENT OF　FACTS**　　3-8

**III. Plaintiff's Separate STATEMENT OF FACTS**　　　　8-12

**IV.　LEGAL ARGUMENT**　　　　　　　　　　　　　　12-16

**V.　CONCLUSION**　　　　　　　　　　　　　　　　　　16

**TABLE OF AUTHORITIES**

**Cases**

*Anderson*, 477 U.S. at 248……………………………………………………..……..**12**

*Allen v. Coughlin*, 64 F. 3d 77, 79 (2d Cir. 1995)…………………………………….....**13**

*Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir. 2002)………………..**13**

*Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993). (1986)……………………………………………………………………………….**12**

*Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir. 1994)……………..…**12, 14**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)………..**12, 14**

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993), citing *Meritor Savings Bank F.S.B. v. Vinson*, 477 U.S. 57 (1986)………………………………………………………...**15**

*Hochstadt v. Worcester Foundation For Experimental Biology, Inc.*, 425 F. Supp. 318, 324 (D. Mass 1976), aff'd 545 F.2d 222(1st Cir. 1976)……………………………………......**14**

*Manorahan v. Columbia University College of Physicians and Surgeons*, 842 F. 2d 590, 593 (2nd Cir. 1988)………………………………………………………………….……**14**

*Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)...………………………………………………………………………...….. **12, 14**

*McCleoud v. Social Security Administration*, EEOC Appeal No. 01963810 (August 5, 1999)..**15**

*United States v. Diebold, Inc.*, 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962) Quoted)…………………………………………………………………………….**14**

*Western World Ins. Co. v. Stack Oil, Inc.*, 922 F. 2d 118, 121 (2d Cir. 1990)…………..…**13**

Fed. R. Civ. P. 56(e)……………………………………………………………..……**13**

Fed. R. Civ. P. 56(c)…………………………………………………………………..**12, 14**

**I.     PRELIMINARY STATEMENT:**

This action was authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq. ("Title VII") insofar as Defendant, by and through authorized agents, discriminated against Plaintiff on the basis of her gender, failed to protect her from sexual harassment, retaliated against Plaintiff for having opposed said discrimination and sexual harassment in the workplace and for having subjected Plaintiff to a hostile work environment in so doing.

**II.    PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS:**

Plaintiff's Affidavit, attached hereto as Plaintiff's Exhibit 1, is incorporated by this reference to Plaintiff's Response to Defendant's Statement of Material Facts. Plaintiff's Affidavit includes all of the facts, which Plaintiff proffers in dispute of Defendant's Statement of Material Facts.

1. Plaintiff admits that the performance review she received after her April 2011 transfer to the first shift and that she signed that review with the note referenced, but affirmatively alleges that review process generally was replete with unfairness, and inconsistency. (See Exhibit 1, Paragraph 1).

2. Plaintiff denies the allegation in Paragraph 2 of Defendant's Statement of Undisputed Material Facts, and affirmatively alleges that, at relevant times, she was off on leave of absence due to stress and anxiety related to the harassment she suffered from Harold Drane. (Id. at Paragraph 2).

3. Plaintiff admits to the allegations contained in Paragraph 3 of Defendant's Statement of Undisputed Material Facts but denies the implication that she was treated by Defendant in as favorable a manner as Harold Drane was treated. (Id. at Paragraph 3).

3

4. Plaintiff admits to the allegations contained in Paragraph 4 of Defendant's Statement of Undisputed Material Facts but Plaintiff denies the implication that Mr. Drane was not behind the disciplinary action taken. Plaintiff affirmatively alleges that indeed, Mr. Drane was the cause of the disciplinary action in question. (Id. at Paragraph 4).

5. Plaintiff denies the allegations contained in Paragraph 5 of Defendant's Statement of Facts, and alleges that in fact, Harold Drane was in fact responsible for a co-worker's termination, and that even though he could not discipline Plaintiff himself, he could cause discipline to be handed down by "subterfuge". (Id. at Paragraph 5).

6. Plaintiff admits that the processes outlined by Defendant in Paragraph 6 of Defendant's Statement of Facts concerning its Code of Conduct exists, but denies the implication that it was used correctly or fairly. (Id. at Paragraph 6).

7. Plaintiff admits to the allegations contained in Paragraph 7 of Defendant's Statement of Undisputed Material Facts.

8. Plaintiff admits to the allegations contained in Paragraph 8 of Defendant's Statement of Undisputed Material Facts but denies the implication that the reporting Code violations ever led to adequate intervention and alleges that in fact the enforcement of the Code of Conduct was ineffective. (Id. at Paragraph 8).

9. Plaintiff denies the allegations contained in paragraph 9 of Defendant's Statement of Facts, but alleges that the computers at issue were in a "high traffic area" and she does not recall specifically using the computers for that purpose. (Id. at Paragraph 9).

10. Plaintiff admits to the allegations contained in Paragraph 10 of Defendant's Statement of Undisputed Material Facts, but alleges that her Union was ineffectual at assisting her with her repeated and continued issues of harassment in the workplace, and denies any implication to that effect. (Id. at Paragraph 10).

11. Plaintiff denies the allegation contained in paragraph 11 of Defendant's Statement of Facts, and alleges that she attempted to file a complaint, not only on July 17, 2013, but also on July 15th, 16th, and 22nd. Plaintiff also alleges that Defendant represented to her that her complaints were not worthwhile or strong enough to warrant processing. (Id. at Paragraph 11).

12. Plaintiff admits to the allegations contained in Paragraph 12 of Defendant's Statement of Undisputed Material Facts, but alleges that it was due NOT to ineptness on Plaintiff's part, but to the significant symptoms she was suffering from, related to the harassment at issue, which prevented her from physically handling the complaint processing. (Id. at Paragraph 12).

13. Plaintiff admits to the allegations contained in Paragraph 13 of Defendant's Statement of Undisputed Material Facts, but affirmatively alleges that in this instance, the complaint should not have been forwarded to Mr. Konopski, for the reasons stated in the attached affidavit. (Id. at Paragraph 13).

14. Plaintiff denies the allegations contained in paragraph 14 of Defendant's Statement of Facts, and alleges that she had complained on several occasions prior to the said date, including as early as 2009, about the harassment and sexual harassment at issue to her supervisor, Julie Whitehouse. (Id. at Paragraph 14).

15. Plaintiff admits to the allegations contained in Paragraph 15 of Defendant's Statement of Undisputed Material Facts.

16. Plaintiff admits to the allegations contained in Paragraph 16 of Defendant's Statement of Undisputed Material Facts, and offers clarification as to said allegations, in paragraph 16 of Exhibit 1, attached.

17. Plaintiff admits to the allegations contained in Paragraph 17 of Defendant's Statement of Undisputed Material Facts

18. Plaintiff denies the allegations contained in Paragraph 18 of Defendant's Statement of Undisputed Material Facts, and alleges that the basis for her charge of discrimination was that, as well as the violent atmosphere in the workplace, the sexual harassment she was experiencing, and retaliation for having complained about the said harassment and discrimination previously. (Id. at Paragraph 18).

19. Plaintiff admits to the allegations contained in Paragraph 19 of Defendant's Statement of Undisputed Material Facts, but offers clarification as to the said allegations, in paragraph 19 of Exhibit 1, attached.

20. Plaintiff admits to the allegations contained in Paragraph 20 of Defendant's Statement of Undisputed Material Facts, but affirmatively alleges that his significant harassment and discrimination did cause physical symptoms. (Id. at Paragraph 20).

21. Plaintiff admits to the allegations contained in Paragraph 21 of Defendant's Statement of Undisputed Material Facts, and offers some clarification as to Konopski's failures in his investigation into Plaintiff's allegations of sexual harassment and hostile work environment. (Id. At Paragraph 21).

22. Plaintiff denies to the allegations contained in Paragraph 22 of Defendant's Statement of Undisputed Material Facts, and affirmatively alleges that Drane was allowed to continue his employment for a specified period following said interview. (Id. at Paragraph 22).

23. Plaintiff is without sufficient or adequate knowledge concerning the allegations and therefore denies same due to lack of knowledge.

24. Plaintiff denies to the allegations contained in Paragraph 24 of Defendant's Statement of Undisputed Material Facts, to the extent that even following the specified date of July 31,

2013, Drane was seen by Plaintiff on the premises, and continued to be harassed by Drane. (Id. at Paragraph 24).

25. Plaintiff denies to the allegations contained in Paragraph 25 of Defendant's Statement of Undisputed Material Facts, and affirmatively alleges that not only was Drane seen by Plaintiff on Defendant's premises as late as October of 2013, but Plaintiff was told by Security that Drane was permitted to come and go as he pleased, as a "Retiree" of the Company. (Id. at Paragraph 25).

26. Plaintiff admits the allegations contained in Paragraph 26 of Defendant's Statement of Undisputed Material Facts, for the reasons stated in Paragraph 26 of Exhibit 1, attached.

27. Plaintiff admits the allegations contained in Paragraph 27 of Defendant's Statement of Undisputed Material Facts.

28. Plaintiff admits the allegations contained in Paragraph 28 of Defendant's Statement of Undisputed Material Facts, in that she took another leave of absence on October 23, 2013 for the reasons stated in Paragraph 28 of Exhibit 1, attached.

29. Plaintiff admits that she is still "technically" employed by Defendant, but denies the allegations contained in Paragraph 29 of Defendant's Statement of Undisputed Material Facts in that Defendant has not taken any steps to even infer that Plaintiff is able or welcome to return to active employment. (Id. at Paragraph 29).

30. Plaintiff admits the allegations contained in Paragraph 30 of Defendant's Statement of Undisputed Material Facts.

31. Plaintiff denies to the allegations contained in Paragraph 31 of Defendant's Statement of Undisputed Material Facts, and affirmatively alleges that when asked what Defendant could do for Plaintiff, Plaintiff specifically stated at her Deposition that she was so traumatized from the harassment she suffered while employed by Defendant, that even

before the question of what could Defendant DO to enable her to return could be considered, Plaintiff could not even envision returning due to said trauma. That is a far cry from acknowledging that Defendant "did everything it could" for Plaintiff. (Deposition, Page 179, Lines 6-7).

### III. PLAINTIFF'S SEPARATE STATEMENT OF FACTS:

1. It is uncontested that Plaintiff Amber Andrus is a female. Exhibit 2, Page 179.

2. In or about March of 2008, Plaintiff was hired by Defendant, Corning, Inc. as a Mechanic Associate, and assigned to the "Erwin Plant" located in Painted Post, New York, and was then transferred in October of 2008 to the "Sullivan Park" facility.

3. Approximately 2.5 years prior to filing her complaint with the NYSDHR (filed in January of 2014) Plaintiff complained about harassment and sexual harassment to her superior, "Michelle", the Human Resource Representative who was designated to accept such complaints.

4. Plaintiff's complaint of harassment related to "Harold Drane", a "Supervisor Assistant" with Defendant Corning, Inc.

5. Notwithstanding Plaintiff's complaint regarding Mr. Drane's misconduct, Defendant allowed Mr. Drane to continue to harass Plaintiff, and failed to adequately intervene to protect Plaintiff from Mr. Drane's harassing behavior toward her in the workplace.

6. Following the time her original complaint was filed in mid-2012, Harold Drane continued to pervasively sexually harass and discriminate against Plaintiff in the workplace. For example, in early April of 2013, Mr. Drane told Plaintiff "you had better stick with me, or I can break you." (Paraphrased from original). Exhibit 2, Page 109.

7. On April 15, 2013, Mr. Drane stated to Plaintiff: "I have $600 in my pocket right now. I will bet I can make you squeal." (Paraphrased from original). Exhibit 2, page 110.

8

8. Plaintiff interpreted the foregoing comment to be a solicitation for sexual favors. (Id. at 111).

9. Plaintiff did her best to survive in this hostile work environment, but she quickly became so anxious at work as a result of the foregoing type of harassment, as to be sickened and was prescribed medications for anxiety-related and stress-related illness. (Exhibit 1, Paragraph 2) (See also Exhibit 1, Paragraph 6). (See Exhibit 2, Page 23). (See also Exhibit 3, Plaintiff's Response to Interrogatory 3).

10. Mr. Drane would routinely and unnecessarily exercise his perceived power and domination over Plaintiff in the workplace. For example, he would routinely frighten Plaintiff into believing that he would decrease her assigned hours, which Plaintiff interpreted as a threat to do for him whatever he required of her. (Exhibit 2, Page 112).

11. In May of 2013, Mr. Drane began to incessantly stare and ogle at Plaintiff's breasts, and on one occasion told Plaintiff, while looking at her breasts, that he "felt like having milk for some reason", which Plaintiff took as sexual and harassing in nature and wildly inappropriate and even outrageous conduct. (Exhibit 2, Page 112, 113).

12. Mr. Drane would, during this same time frame, routinely subject Plaintiff to unwarranted humiliation and sexual harassment. For example, when Plaintiff communicated with Mr. Drane, he would routinely exclaim: "did you miss me" (Paraphrased).  (Exhibit 1) See also Exhibit 2, Page 112).

13. In or around May and June of 2013, Mr. Drane continued his harassment of Plaintiff by asking her if she had come in to work with a co-worker named "Mike", and if she had "left her badge at his place", implying that she had spent the night at Mike's home the night prior. Plaintiff was highly offended by this and all foregoing conduct, which was repeated in nature and outrageous, not to mention false. (Exhibit 1, Paragraph 11)

9

14. In mid-July, 2013, Plaintiff once again complained about Mr. Drane's harassment to her superiors at Corning, Inc., this time, to "Julie Whitehouse". When Corning, Inc. failed to intervene or to protect her from Mr. Drane, she once again complained about Mr. Drane on or about July 22, 2013, specifically noting that she was subjected to routine sexual harassment by Mr. Drane, with Union representative Don Stewart present. (Id.) (See also, Exhibit 4, Verified DHR Complaint, Paragraph 5).

15. Upon receiving yet another complaint from Plaintiff, Julie Whitehouse and another employee (Head of Security) belittled Plaintiff for coming forward with the foregoing complaints. They immediately made her pay for complaining about the foregoing harassment by humiliating her and making her feel as though she was too sensitive, or somehow not deserving of protection from Mr. Drane. Plaintiff interpreted the foregoing reaction to be retaliatory in nature for having opposed discrimination and harassment in the workplace. (Id.)

16. Meanwhile, following that July 22nd complaint, the only result was to make conditions worse for Plaintiff. Mr. Drane, who clearly had been tipped off as to Plaintiff's complaint, began to glare at Plaintiff. When he drove by her in public settings, he would slow his vehicle down and glare at Plaintiff as if to communicate his disdain for her and as if to acknowledge that he was fully aware of her complaints about him. (Exhibit 2, Pages 172-179)

17. On or about July 26, 2013, Plaintiff was taken out of work by her physician because she was suffering symptoms of severe anxiety and stress directly attributable to the foregoing harassment and gender discrimination. (Exhibit 4, Paragraph 6).

18. The anxiety and stress caused illness in Plaintiff, which persists to the date of the instant Complaint. (Exhibit 1, Paragraph 2) (See also Exhibit 1, Paragraph 6). (See Exhibit 2, Page 23). (See also Exhibit 3, Plaintiff's Response to Interrogatory 3).

19. Plaintiff has suffered tangibly as a result of the alleged harassment, sexual discrimination, and retaliation inasmuch as she has not been able to function as a normal adult female since these events took place. (See Exhibit 3, Responses to Interrogatory #3).

20. The conditions created or worsened by the foregoing discrimination, retaliation and harassment include but are not necessarily limited to: hypertension, anxiety, and cardiac symptoms. (Id.) (See also Exhibit 1, Paragraph 10).

21. On or about October 7, 2013, Plaintiff returned to work only to discover, despite assurances that Mr. Drane would be kept away from her, that Mr. Drane's truck was parked in the parking lot. (Exhibit 2, Pages 172-179).99

22. Co-workers warned Plaintiff, upon her return, that Mr. Drane had made threatening remarks of or concerning her and her return to work. (Id.)

23. Plaintiff was forced to take yet another leave due to a re-occurrence and worsening of the foregoing symptoms as a direct result of the unease and tension created by the potential for yet further harassment by Mr. Drane. (See Exhibit 1, Paragraph 28).

24. Plaintiff, as of the date of the instant complaint, has initiated a Worker's Compensation case, and remains out of work but still technically employed by Defendant. (See Defendant's SSOF, Paragraph 29).

## IV.  MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT:

**Defendants have failed to meet its burden of establishing that no genuine factual dispute exists:**

As required on a motion for summary judgment, the following facts are construed in the light most favorable to defendant, the non-moving party. *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 572 (2d Cir. 1993). A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir. 1994); *see also* Fed. R. Civ. P. 56(c). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome of the particular litigation if the substantive law at issue so renders them. *Anderson*, 477 U.S. at 248.

Fed. R. Civ. P. 56 ( c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." the burden is initially on the moving party to demonstrate that there is no genuine dispute respecting any material fact and that it is entitled to judgment as a matter of law. *Celotex Corp. v Catrett*, 477 U.S. 317, 323 (1986).

Thereafter, to successfully oppose a motion for summary judgment, the responding party "must set forth facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

12

Although the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inference in its favor," *Allen v. Coughlin*, 64 F. 3d 77, 79 (2d Cir. 1995), a summary judgment motion cannot be defeated through mere speculation or conjecture. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F. 2d 118, 121 (2d Cir. 1990).

### Sexual harassment / Gender Discrimination:

To establish a *prima facie* case of discrimination with regard to her termination, plaintiff must show that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties of her position; (3) she was subjected to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. See *Collins v. New York City Transit Auth.,* 305 F.3d 113, 118 (2d Cir. 2002). In the case at bar, Plaintiff and Defendant differ with each other as to the most important factual issue that could possibly be disputed: that of whether Plaintiff was discriminated against by Defendant on the basis of her gender and whether she was subjected to sexual harassment on the job. (See for example, Exhibit 1)

Defendant has attempted to "muddy the waters" of what should be a very simple whether Defendant is liable for the routine and perverse sexual harassment of Plaintiff by a male co-worker Drane.  The parties differ, but the evidence is credible to wit; that Plaintiff was the victim of significant sexual harassment and gender discrimination. (See, for example, Exhibit 2, Pages 109-113) All of the foregoing elements of discrimination have been met insofar as: 1) she is female (Plaintiff's SSOF, Paragraph 1); she performed her duties of her position satisfactorily (See Exhibit 1, Paragraph 1) 3) she was subjected to discrimination in the workplace for which her superiors did not adequately intervene to protect her (see, for example, Plaintiff's SSOF, Paragraphs 10-14); and finally, 4) there exists strong inference of discrimination (Id.)  (See also, Exhibit 1, paragraph 6).

**Retaliation:**

A prima facie case of retaliation is made when a plaintiff demonstrates that: 1) she engaged in prior protected activity; 2) the Defendant official was aware of the protected activity; 3) she was subsequently disadvantaged by an adverse employment action or adverse treatment; and 4) there is a causal link between the protected activity and adverse action/treatment. <u>Hochstadt v. Worcester Foundation For Experimental Biology, Inc.</u>, 425 F. Supp. 318, 324 (D. Mass 1976), aff'd 545 F.2d 222(1st Cir. 1976); <u>Manorahan v. Columbia University College of Physicians and Surgeons,</u> 842 F. 2d 590, 593 (2nd Cir. 1988).

Defendant retaliated against plaintiff for having filed internal discrimination complaints against Drane. (See Complaint, Paragraph 28, 29). (See also Exhibit 4, Paragraph 5). See also Exhibit 1, Paragraph 29). See also Exhibit 2, Page 163-167).  After all of the complaints of hostile work environment, clearly, the foregoing evidence is probative of retaliation inasmuch as Defendant's acquiescence (when protection of Plaintiff was absolutely called for under the circumstances) was an affirmative decision to punish Plaintiff, after her return from leave in October of 2013. (see also exhibit 2, Pages 172-179 as evidence of retaliation inasmuch as the man who had for so long viciously harassed Plaintiff in a sexually explicit and unwelcome manner was being permitted on the Defendant's premises, thus exposing Plaintiff, unnecessarily, to Drane on many different instances.)

This foregoing dispute is a dispositive and material fact necessitating a denial of Defendant's Motion for Summary Judgment as to the Retaliation Claim.  The burden of establishing that no genuine factual dispute exists rests on the party seeking summary judgment. *See* <u>Chambers</u>, 43 F.3d at 36.  Defendant has failed to meet said burden.  A motion for summary judgment should be granted only where "there is no genuine issue as to any material fact." <u>Fed. R. Civ. Pro. 56(c)</u>. In evaluating these motions, "the inferences to be drawn from the underlying

14

facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 8 L. Ed. 2d 176, 82 S. Ct. 993 (1962)). A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (internal citations omitted). "The burden on the moving party may be discharged by showing … that there is an absence of evidence to support the non-moving party's case." Id.

**Hostile Work Environment/Harassment:**

To establish a claim of harassment, a Plaintiff must show that; 1) she belongs to a statutorily protected class; 2) she was subjected to unwelcome verbal or physical conduct involving the protected class; 3) the harassment complained of was based on the statutorily protected class; 4) the harassment had the purpose or effect of unreasonably interfering with her work performance and/or creating an intimidating, hostile, or offensive work environment; and 5) there is a basis for inputting liability to the employer. *McCleoud v. Social Security Administration,* EEOC Appeal No. 01963810 (August 5, 1999). The Supreme Court has held that an employer who creates or tolerates a work environment which is permeated with "discriminatory intimidation, ridicule, and insult" that is sufficiently severe or pervasive to alter the terms and conditions of an individual's employment and which creates an abusive work environment is in violation of Title VII. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993), citing *Meritor Savings Bank F.S.B. v. Vinson*, 477 U.S. 57 (1986).

Plaintiff has consistently alleged facts which, if true, satisfy the foregoing test for hostile work environment. Plaintiff alleged routine and ongoing harassment at the hands of Drane (Exhibit 2, Pages 109-115) and also adduced evidence of Defendant's failure to adequately

intervene to protect Plaintiff (See for example, Exhibit 1, Paragraph 6).

In the case at bar, Plaintiff has put forth facts which create, in toto, genuine issues of material fact which should be presented to a Judge or jury to be tried.

**Discipline:**

Defendant makes much of disciplinary action that has been taken against Plaintiff in the past. There is literally NO relevance to the case at bar, and therefore, Plaintiff elects to demur on the frivolous and contemptuous attempt to put Plaintiff on trial for discipline that, if anything, was retaliatory in nature for previous complaints. Plaintiff will not dignify the unjustified attack on Plaintiff's work history when this case is about horrid sexual harassment, which Defendant failed to protect Plaintiff from.

**VI.    Conclusion:**

Based upon the foregoing, it is evident that there exists several material facts about which the parties disagree.  As a result, Defendant's Motion for Summary Judgment ought to be denied in its entirety and the dispute as between the parties ought to resolved following a trial on the merits, so that the triers of fact can weigh the credibility of the witnesses and determine which party has satisfied its burden of proof.

Dated:  14 October 2015

          __/S:// James D. Hartt_____
          JAMES D. HARTT, ESQ.
          Attorney For Plaintiff
          70 Linden Oaks, Third Floor
          Rochester, NY 14625
          TELEPHONE: (585) 425-8682